[Crim. No. 3131. In Bank.—May 25, 1928.]

THE PEOPLE, etc., Respondent, v. GEORGE BALL, Appellant.

Stahlman & Bennett, George Stahlman and Sydney C. Bennett for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

CURTIS, J.—This is an appeal from a judgment of the superior court of San Joaquin County, sentencing defendant to imprisonment in the state prison at San Quentin, on his plea of guilty when arraigned on an information, the charging part of which is as follows:

"The said George Ball is accused by the District Attorney of the County of San Joaquin, State of California, by this information of the crime of taking an automobile without permission of the owner, a felony, committed as follows: The said George Ball did on or about the 11th day of November, A. D. nineteen hundred twenty seven, prior to the filing of this information, at and in the County and State aforesaid, wilfully, unlawfully and feloniously take an automobile, to wit: A Buick Roadster, Oregon License No. 193783, Motor No. 412665, for the purpose of temporarily depriving the owner of the possession of said vehicle, and at the time of so taking said automobile, the said defendant did not have permission or consent 'of the owner thereof, towit: A. M. Parry, to so take said automobile."

Defendant claims that the foregoing statement of acts on the part of defendant set forth in the information does not describe any prescribed felony under the laws of the state of California, and because of this he asks a reversal of the judgment. The question presented by the appeal involves the construction of section 499b of the Penal Code and section 146 of the State Automobile Act, as enacted in 1923. (Cal. Stats. 1923, p. 564.)

Section 499b of the Penal Code, which was adopted in 1905, is as follows:

"Any person who shall, without the permission of the owner thereof, take any automobile, bicycle, motorcycle, or other vehicle, for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine not exceeding two hundred dollars, or by imprisonment not exceeding three months, or by both such fine and imprisonment."

Section 146 of the State Automobile Act reads thus:

"Driving vehicle without owner's consent. Any person who shall drive a vehicle not his own, without the consent of the owner thereof and in the absence of the owner, and

with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, shall be deemed guilty of a felony. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person. Any person who assists in, or is a party or accessory to or an accomplice in, any such stealing or unauthorized taking or driving, shall also be deemed guilty of a felony.''

■ It is not necessary for us to consider whether the information in this case charges the defendant with the offense defined by section 499b of the Penal Code. Such offense is a misdemeanor only, punishable by fine of not exceeding $200 or by imprisonment not exceeding three months, or by both said fine and imprisonment, and therefore it is not within the jurisdiction of the superior court. Under such an information the superior court would be without power to render not only the judgment which was given against the defendant in this action, but it would have no authority to take jurisdiction of such offense, or to render any judgment whatever therein. We think, however, that there is a material variance between the statement of the offense charged in the information and that described in section 499b. The information charges the defendant with taking an automobile "for the purpose of temporarily depriving the owner of the possession of said vehicle," while section 499b makes it a misdemeanor for a person to take an automobile or other vehicle "for the purpose of temporarily using or operating the same." It is perfectly obvious that the "purpose" for which defendant took the automobile, as charged in the information, is an entirely different "purpose" from that which is made a material element of the offense defined in the Penal Code section. The information, therefore, fails to state any offense under said section of the Penal Code.

■ The information is also fatally defective and fails to state the offense denounced in section 146 of the Motor Vehicle Act. Conceding that to "take" an automobile is equivalent to "drive" an automobile, still the information fails to state one of the material elements of the offense

defined by this section of the Motor Vehicle Act. This section provides that the taking or driving of the automobile must be "in the absence of the owner." The information omits entirely this requirement of the statute. Its omission renders the information insufficient to state the offense defined in section 146 of said statute. ■ This provision of the statute is highly penal in its nature and it should therefore receive a strict construction. Nor do we think section 4½ of article VI of the state constitution cures this defect, as the information as it now stands fails to state any offense whatever against the defendant.

The judgment is reversed.

Preston, J., Tyler, J., *pro tem.*, Langdon, J., Richards, J., Shenk, J., and Waste, C. J., concurred.