[Cr. A. No. 761. Appellate Department, Superior Court, Los Angeles County.—March 25, 1932.]

THE PEOPLE, Respondent, v. W. I. SCHUSTER, Appellant.

(2 Cal. Supp. 11.)

Thomas Morris and Kelly, Stuart & Hendrick for Appellant.

Charles P. Johnson, City Prosecutor, and John L. Bland and Joe Matherly, Deputies City Prosecutor, for Respondent.

SHAW, J.—The complaint against appellant, although containing formally but one count, in reality charges him with two offenses, which require separate consideration and which we distinguish in the following quotation by inserted numbers. The allegation is that in violation of section 17 of the state Medical Practice Act defendant "did wilfully and unlawfully (1) use the prefix 'Dr.' (2) advertise and hold himself out as practicing a system and mode of treating the sick and afflicted without then and there having a valid unrevoked certificate of license from the Board of Medical Examiners of the State of California so to do".

The Medical Practice Act was enacted in 1913, and has been amended at various times since. It provides for a board of medical examiners, who have power to examine applicants and issue certificates authorizing the holder to practice medicine and also certificates authorizing the practice of other systems of treating the sick. Section 17 of

this act, as amended in 1929 (Stats. 1929, p. 435), provides that ''Any person who shall practice or attempt to practice, or who advertises or holds himself out as practicing, any system or mode of treating the sick or afflicted in this state, . . . without having at the time of so doing a valid unrevoked certificate as provided in this act, or who shall in any sign or in any advertisement use the word 'doctor', the letters or prefix 'Dr.', the letters 'M. D.', or any other term or letters indicating or implying that he is a doctor, physician and surgeon, physician, surgeon or practitioner, under the terms of this or any other act, or that he is entitled to practice hereunder, or under any other law, . . . without having at the time of so doing a valid unrevoked certificate as provided for in this act, shall be guilty of a misdemeanor . . . ''

█ The part of the complaint which we have designated as (1) does not state a violation of this section, because it fails to charge that the prefix was used in any sign or advertisement. The evidence, however, shows that it was so used, and if nothing further were to be considered there would be a serious question whether section 4½, article VI, of the Constitution cured this defect in the complaint. (See *People* v. *Ball,* 204 Cal. 241 [267 Pac. 701].) But this case presents also the question whether defendant is amenable to prosecution under the Medical Practice Act. Defendant admitted at the trial that he ''did not have a valid unrevoked certificate of license from the Board of Medical Examiners'', and it was also stipulated that he ''was at the time of the commission of the alleged offense a chiropractor, duly licensed as such under the laws of the state of California''.

When the Medical Practice Act was adopted, in 1913, it was the only act regulating the practice of the healing arts. It applied to chiropractors, and required them to have certificates issued by the board of medical examiners. But in 1922 an act regulating the practice of chiropractic was adopted as an initiative measure. (Stats. 1923, p. lxxxviii.) It provides for a state board of chiropractic examiners and empowers them to examine those desiring to practice chiropractic and issue certificates authorizing them so to do. Section 15 of this act provides that ''any licensee under this act who uses the word 'doctor' or the prefix 'Dr.' without

the word 'chiropractor', or 'D. C.' immediately following his name, . . . or any other letters, prefixes or suffixes, the use of which would indicate that he or she was practicing a profession for which he held no license from the state of California, . . . shall be guilty of a misdemeanor . . . "
Section 18 provides that, "Nothing herein shall be construed as repealing the 'medical practice act' of June 2, 1913, or any subsequent amendments thereof, except in so far as that act or said amendments may conflict with the provisions of this act as applied to persons licensed under this act, to which extent any and all acts or parts of acts in conflict herewith are hereby repealed."

■ Section 15 of the Chiropractic Act obviously attempts to regulate fully and completely the use by licensed chiropractors of the prefix "Dr.", as well as other prefixes and suffixes, and therefore it would be clear even without section 18 that by implication it repealed the original Medical Practice Act so far as the latter might in this respect be applicable to licensed chiropractors. ■ Where two statutory provisions are in irreconcilable conflict, the one latest in point of time will control. (*Crooks* v. *People's Finance & Thrift Co.*, 111 Cal. App. (Supp.) 769 [1 Cal. Supp. 86, 292 Pac. 1065] ; *Spreckels* v. *Graham*, 194 Cal. 516, 527 [228 Pac. 1040] ; *Patchett* v. *Webber*, 198 Cal. 440, 447 [245 Pac. 422].) In addition to this rule we have here an express declaration of the repeal of conflicting portions of the Medical Practice Act. Where two legislative enactments punish exactly the same act, they are in conflict. (*Ex parte Stephen*, 114 Cal. 278, 282 [46 Pac. 86] ; *In re Murphy*, 190 Cal. 286, 290 [212 Pac. 30] ; *In re Mingo*, 190 Cal. 769, 771 [214 Pac. 850].) The later amendment of the Medical Practice Act by the legislature can have no effect as to chiropractors because of the paramount authority of an initiative law, which is not subject to amendment or repeal by the legislature unless it so provides. (Const., art. VI, sec. 1.) In this case there is no such provision.

■ We conclude that appellant, being a licensed chiropractor, could not be prosecuted under the Medical Practice Act for any misuse of the prefix "Dr.", but must be prosecuted therefor under the Chiropractic Act if at all.
■ The evidence shows a violation of the Chiropractic Act in that respect, but no such violation was charged and no

attempt was made to charge one. A defendant charged with one offense cannot be tried for or convicted of another. (*People* v. *Cook,* 148 Cal. 334, 340 [83 Pac. 43]; *People* v. *Radich,* 111 Cal. App. (Supp.) 779 [1 Cal. Supp. 92, 294 Pac. 1].) There is good reason for the application of this rule to this case, for here the two acts differ in the penalties imposed, that prescribed by the Medical Practice Act having the greater maximum and minimum, both as to fine and imprisonment. The fine imposed is the minimum · imposed by that act, but we cannot say that it would not have been less had the defendant been convicted under the Chiropractic Act.

The part of the complaint which we have designated as (2) states an offense under section 17 of the Medical Practice Act. Referring again to the Chiropractic Act, we find that the state board of chiropractic examiners have power to issue a certificate designated as a license, "which license shall authorize the holder thereof to practice chiropractic in the state of California as taught in chiropractic schools or colleges; and, also, to use all necessary mechanical, and hygienic and sanitary measures incident to the care of the body, but shall not authorize the practice of medicine, surgery, osteopathy, dentistry or optometry, nor the use of any drug or medicine now or hereafter included in *materia medica.*" Section 7. The act also declares: "Any person who shall practice or attempt to practice chiropractic, . . . or who shall use the title 'chiropractor' or 'D. C.' or any word or title to induce, or tending to induce belief that he is engaged in the practice of chiropractic, without first complying with the provisions of this act; . . . shall be guilty of a misdemeanor . . . " Section 15. Applying to these provisions the rules already stated, it is clear that one who has a license as a chiropractor does not violate the Medical Practice Act by practicing or holding himself out as practicing chiropractic.

This part of the complaint does not state or attempt to state an offense under the Chiropractic Act. The charge is under the Medical Practice Act only. It is stipulated that defendant was a licensed chiropractor. Hence, he could establish a defense by showing that the treatments he offered to give were a part of the practice of chiropractic. The criterion established by the Chiropractic Act in this matter,

except as to the use of medicine and other acts expressly excluded from the scope of chiropractic, is the teaching in chiropractic schools and colleges. (Sec. 7.) It was therefore error to reject defendant's offer to prove that the treatments offered by him were taught in chiropractic schools and colleges as a part of chiropractic.

The instructions given by the court, which authorized the jury to find the defendant guilty upon the showing which we have already stated, were erroneous.

The judgment is reversed and the case is remanded to the municipal court for a new trial.

McLucas, P. J., and Bishop, J., concurred.