[Crim. No. 2523.  Second Appellate District, Division One.—November 28, 1934.]

THE PEOPLE, Respondent, v. FRANK PACE, Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

ELLIOT CRAIG, J., *pro tem.*—Defendant was charged in count I of an amended information with violation of State Narcotic and Drug Act, a felony, and with having theretofore suffered three prior convictions of felony and terms of imprisonment therefor in penal institutions. Defendant pleaded guilty to violation of State Narcotic and Drug Act, denied the first and second alleged prior convictions and admitted the third prior conviction and imprisonment therefor. The charge of the first prior conviction was stricken out and on trial the court found the charge of the second prior conviction to be true and that defendant served a term of imprisonment therefor in a penal institution. Defendant was adjudged to be an habitual criminal under the provision of section 644 of the Penal Code, for having suffered two prior convictions of the felonies named in said section and having served terms of imprisonment therefor in penal institutions, and sentenced to imprisonment in Folsom state prison.

Defendant's appeal is from the judgment, but on appeal he complains only that the evidence is not sufficient to sustain the court's decision as to said second prior conviction, the adjudication of being an habitual criminal and the sentence based thereon.

The prior conviction complained of was for larceny committed in the state of Pennsylvania in 1923 and for which defendant served a term in the Western State Penitentiary of the said state. It was stipulated at the trial that the property taken in said larceny was $10. The defendant claimed on trial and now claims that the conviction for such larceny cannot be treated as a felony conviction under sections 644 and 668 of the Penal Code.

This court takes judicial knowledge of "the laws of the several states of the United States and the interpretation thereof by the highest courts of appellate jurisdiction of such states". (Code Civ. Proc., sec. 1875, subd. 3.)

The state of Pennsylvania looks to the common law for its criminal law, except where the common law has been expressly modified by statute.

The statutes of Pennsylvania prescribe: "If any person shall be guilty of larceny, he shall, on conviction, be deemed guilty of a felony and be sentenced to pay a fine not exceeding $500.00 and to undergo an imprisonment, by separate or solitary confinement at labor, not exceeding three years." (Sec. 2771, title 18, of Purdon's Pennsylvania Statutes Ann. [Permanent edition].)

There is neither statutory definition of larceny nor statutory division of larceny as to degree or as to being petty (petit) or grand larceny in Pennsylvania. Simple larceny under common law "is the felonious taking and carrying away of the personal goods of another." (Cooley's Blackstone, 3d ed., p. 229, book IV.)

Larceny, although no longer expressly defined by California laws, has a well-known meaning. The change of name from larceny to theft was "one of form and not of substance". (*People* v. *Myers,* 206 Cal. 480, 485 [275 Pac. 219].)

Acts in California constituting a larceny are now included within the crime of theft. (Sec. 484, Pen. Code.)

We have examined an exemplified copy of the indictment found and returned in Pennsylvania and introduced by defendant as an exhibit in the trial court. It affirmatively appears therefrom that the larceny therein charged, and upon which the charge of the said second alleged prior conviction of felony is based, was a simple larceny in the sum of $10.

"Every person who has been convicted in any other state, government, or country, of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime committed within this state in the manner prescribed in sections 644, 666, . . . and to the same extent as if such prior conviction had taken place in a court of this state." (Sec. 668, Pen. Code.)

If above-mentioned larceny had been committed in this state it would have constituted petit theft, a misdemeanor, and would not have been "punishable by the laws of this state by imprisonment in the state prison". (Secs. 488 and 490, Pen. Code.)

"Every person who, having been convicted of petit larceny or petit theft and having served a term therefor in any penal institution, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense for which such person is subsequently convicted is such that, upon a first conviction, an offender could be punished by imprisonment in the state prison for any term exceeding five years, such person may be punished by imprisonment in the state prison for the maximum period for which he might have been sentenced, if such offense had been his first offense, but in no case less than five years." (Sec. 666, Pen. Code.)

Violation of State Narcotic and Drug Act can be punished by a maximum term of more than five years in the state prison.

From the foregoing we conclude that the trial court was in error in its decision that the second alleged prior conviction of felony was true, in adjudging defendant to be an habitual criminal under section 644 of the Penal Code, and in sentencing defendant as such habitual criminal.

The judgment appealed from is reversed, with directions that defendant be brought before the trial court for a new sentence on his conviction of violation of State Narcotic and Drug Act, after having suffered one prior conviction of felony (to wit: escape from state prison, being the above-mentioned third prior conviction charged in the amended information), and having served a term therefor in a penal institution, and after having suffered a prior conviction of petit larceny and having served a term therefor in a penal institution.

Conrey, P. J., and York, J., concurred.