[Crim. No. 1418.   Third Appellate District.—February 1, 1935.]

In the Matter of the Application of WILBUR WILLIAMS for a Writ of Habeas Corpus.

Wilbur Williams, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

THE COURT.—In 1929 the petitioner was convicted of the crime of murder in the second degree in the Superior Court of Riverside County. Following his conviction the court pronounced judgment, and in so doing used the following language: "Therefore, it will be the judgment and order of the court that you be punished by twenty years' imprisonment in the States Prison, and that you be delivered by the Sheriff of Riverside County to the custody of the Warden of the States Prison at Folsom, there to be dealt with as required by law."

The petitioner was received at Folsom on the eleventh day of July, 1929. On December 27, 1933, the petitioner was brought before the board of prison terms and paroles, and thereupon said board, by order duly made and entered, fixed

the term for which the petitioner should be confined in the state prison at Folsom, at thirty years.

The petitioner contends that the judgment of the Superior Court of the County of Riverside is void, and that he is entitled to a writ of *habeas corpus*.

The first paragraph of section 1168 of the Penal Code reads: "Every person convicted of a public offense, for which imprisonment in any reformatory or state prison is now prescribed by law shall, unless such convicted person be placed on probation, a new trial granted, or the imposing of sentence suspended, be sentenced to be imprisoned in a state prison, but the court in imposing the sentence shall not fix the term or duration of the period of imprisonment." The section then provides for the manner in which sentence shall be imposed, Statutes 1931, page 1061, now empowering the board of prison terms and paroles to fix the term for which any prisoner sentenced to a state prison shall be confined. The trial court was without jurisdiction to fix the term. It had jurisdiction, however, to sentence the petitioner to the state prison at Folsom, there to be dealt with as required by law.

Having no power to fix the term of confinement, that portion of the judgment and sentence we think should be considered as mere surplusage, and full effect and force given to that portion of the sentence within the jurisdiction of the superior court to pronounce, to wit: To order "that you be delivered by the Sheriff of Riverside County to the custody of the Warden of the States Prison at Folsom, there to be dealt with as required by law". The law specifies, as we have said, what proceedings shall thereafter be taken, and the body authorized to fix the term of imprisonment.

In the case of *Ex parte Germino*, 38 Cal. App. 497 [176 Pac. 701], this court used language which, though perhaps not necessary to the decision therein rendered, expresses what we hold to be the law applicable to this case. The court there said: "Indeed, that part of the judgment fixing a specified term of years of imprisonment in such a case is surplusage, and in our opinion ought to be disregarded as of no consequence in its effect upon the judgment."

A somewhat similar question as the one presented here was before the Supreme Court of Michigan, in the case of *Ex parte Duff*, 141 Mich. 623 [105 N. W. 138], where the

court said: "The fixing of a maximum term of imprisonment was unauthorized and void. It was mere surplusage, as much so as though the sentence had provided what clothes the convict should wear, what food he should eat, or when he should be paroled. Rejecting the unauthorized and illegal surplusage, all of the elements of a strictly legal sentence remain."

The petitioner was legally sentenced to the state prison at Folsom. The records show that the term of his imprisonment has been fixed by the duly authorized board of prison terms and paroles.

The writ is denied.