[Crim. No. 1897.   Third Dist.   Mar. 12, 1945.]

In re WILLIAM CONNELL, on Habeas Corpus.

William Connell, in pro. per., and S. W. Green for Petitioner.

Robert W. Kenny, Attorney General, and Arthur A. Ohnimus and James O. Reavis, Deputies Attorney General, for Respondent.

ADAMS, P. J.—Petitioner alleges that he is now unlawfully imprisoned, confined and restrained of his liberty by the warden of the penitentiary at Folsom, in that he has served, with the benefit of credits earned and granted, the maximum

term of imprisonment provided by law for the offense with which he was charged, and that the judgment and commitment under which he is held are void upon the face thereof. He further alleges and the record shows that in an information filed in Los Angeles County in 1935 he was charged with burglary and two prior convictions of felony, one of the priors being denominated "auto theft" committed in Utah. Defendant pleaded guilty to the information as filed, admitting the two priors, and the court, after finding the burglary to be of the second degree, found him to be an habitual criminal and sentenced him to life imprisonment with the possibility of parole. He was received at the state prison on April 10, 1935.

The record before us shows, and it is conceded by respondent, that the prior offense referred to as "auto theft" was charged in the information filed in Utah not as "auto theft" but as "the crime of Depriving an Owner of his Automobile in violation of section 3974x7, Chapter 81, Session Laws, 1921, committed as follows, to wit:

"That the said William Connell alias William Taufer on the 26th day of September, A.D. 1931, at the County of Salt Lake, State of Utah, did wilfully, unlawfully and feloniously deprive Mrs. H. B. Carlisle of one Packard Coupe of the serial #U44733 by taking possession and driving away from the possession of the said Mrs. H. B. Carlisle, said automobile which was standing on a public street of Salt Lake City, Salt Lake County, State of Utah, to-wit, on the street in front of 135 east 2nd South, which automobile was then and there the property of and in the possession of the said Mrs. H. B. Carlisle."

The Utah statute above mentioned was a portion of an act entitled "Motor Vehicles, Garages, etc.," and, at the time of the commission of the alleged offense, read:

"Felony to take vehicle without permit—temporarily or permanently. Any person who shall wilfully deprive the owner of any vehicle, either temporarily or permanently by taking possession of, or driving, or taking away said vehicle, or any person who shall assist in or be a party to such taking possession of, or driving, or taking away of any vehicle belonging to another and standing in any street, road, garage or other building or place, or whoever receives, buys or conceals

any vehicle knowing or having reason to believe the same to have been stolen, shall be deemed guilty of felony.''

Petitioner here contends that the offense of which he was convicted in Utah in violation of the foregoing statute, is not one of the offenses enumerated in section 644 of the Penal Code of California, that its commission, therefore, constituted no ground for adjudging him to be an habitual criminal, and that the trial court's finding and judgment based thereon lack requisite support; that the offense defined by the Utah statute is comparable to the offenses defined by section 503 of the California Vehicle Code or by section 499b of our Penal Code, violations of which furnish no basis for a finding of habitual criminality.

Section 503 of our Vehicle Code was not enacted until 1935, so was not in effect in 1931 when the Utah offense was committed. However, section 146 of the California Vehicle Act was in effect at the time (see ch. 1026, p. 2133, Stats. 1931, in effect Aug. 14, 1931) and provided:

''Any person who shall drive or take a vehicle not his own, without the consent of the owner thereof and in the absence of the owner, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, shall be deemed guilty of a felony. . . .''

Also, section 499b of the Penal Code at that time provided:

''Any person who shall, without the permission of the owner thereof, take any automobile, bicycle, motorcycle, or other vehicle, for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor. . . .''

If the offense charged in Utah be held comparable to that defined by section 499b, *supra,* which was and still is only a misdemeanor, then obviously it was and is not one comprehended by section 644 which specifies felonies only; and if it be held comparable to the offenses defined by section 146 of the Vehicle Act, or by section 503 of the Vehicle Code, though same are defined as felonies, they are not among those specifically referred to in section 644.

Respondent argues that petitioner was convicted in Utah of ''auto theft''; that under section 487 of the California Penal Code the larceny of an automobile constitutes grand theft, which is one of the felonies enumerated in section 644,

and that, therefore, petitioner was properly found to be an habitual criminal. This reasoning is not convincing. ■ Section 644 is highly penal, and must be given a strict construction. (*People* v. *Ball*, 204 Cal. 241, 244 [267 P. 701].) And we are not disposed to extend its scope by including therein offenses not specifically enumerated. Had the Legislature intended that violations of the Motor Vehicle Act should constitute offenses covered by its language, no reason appears why it should not have enumerated them specifically. ■ Section 146, *supra*, is more comprehensive than the Utah statute above mentioned, yet it has been held that a violation of same does not furnish a basis for adjudging a defendant an habitual criminal.

In *People* v. *McChesney*, 39 Cal.App.2d 36 [102 P.2d 455], the trial court adjudged defendant to be an habitual criminal, and sentenced him to imprisonment for life. The information in that case alleged three prior convictions for which defendant served terms in prison, to wit, in Louisiana for "breaking and entering a building in the night"; in California for violation of "section 146 of the Motor Vehicle Act of California"; in California for committing a felony, "robbery of the first degree." The court said, page 41: "Two of these convictions were not ones on which a judgment as an habitual criminal could be based. Violation of section 146 of the Motor Vehicle Act is not such an offense as denounced in Penal Code, section 644. The test is not whether one has been twice or thrice convicted of felonies, but they must be either among those enumerated in section 644, or denounced as such by the laws of this state."

In *People* v. *Gibson*, 63 Cal.App.2d 632 [146 P.2d 971], this court held that to constitute the offense defined by section 503 of the Vehicle Code, an intent permanently or temporarily to deprive the owner of title or possession of the vehicle must be proven, and that such intent had not been shown. To the same effect are *People* v. *Neal*, 40 Cal.App.2d 115, 117 [104 P.2d 555], and *People* v. *Zervas*, 61 Cal.App.2d 381 [142 P.2d 946]. In the former case the court said that under section 503 of the Vehicle Code, an intent either permanently or temporarily to deprive the owner of his title or possession of the vehicle taken, must be proven as "an affirmative element of the crime," and that the taking and abandonment of the car by appellant in that case did not necessarily furnish

sufficient evidence from which the presence of a specific intent might be inferred. In *People* v. *Pearson,* 41 Cal.App.2d 614 [107 P.2d 463], it was held that a violation of section 503 of the Vehicle Code is not robbery or attempted robbery, since the elements necessary to be proven are different; and in *People* v. *Lohr,* 28 Cal.App.2d 397 [82 P.2d 615], the court said that transportation of an automobile in interstate commerce, knowing it to have been stolen, in violation of the Dyer Act, while an offense comparable to that defined by section 146 of the California Vehicle Act, is not one of those enumerated in section 644, and that a prior conviction of same could not be used as a basis for a finding that defendant was an habitual criminal.

That grand theft and a violation of section 503 of the Vehicle Code are separate and distinct offenses, and that the latter is a lesser offense, is stated in *People* v. *Jeffries,* 47 Cal.App.2d 801, 807, 808 [119 P.2d 190]. This is in accord with the statement in Huddy's Encyclopedia of Automobile Law, volume 9-10, section 116, pages 192-193, that "A special provision of law has been enacted in some jurisdictions providing a punishment for the unlawful taking or use of an automobile . . . without the owner's consent. Such a statute is constitutional, and creates a distinct offense, one not necessarily included in the crime of larceny, although it may classify the offense as larceny." And the same authority states, section 60, pages 116-117, that the essential elements of the crime of larceny of an automobile include "the intent to deprive the owner permanently of the possession thereof," and that where the taking of the vehicle is merely for the purpose of using it for a brief period the crime of larceny or theft is not committed. To the same effect is the statement in 15 California Jurisprudence, section 12, page 906, that to constitute the crime of larceny an intent to steal is an essential element of the offense, and it must be an intent wholly and permanently to deprive the owner thereof, which intent must exist at the time of the taking. (See *People* v. *Payne,* 117 Cal.App. 108, 111 [3 P.2d 328].)

In *State* v. *Mularkey,* 195 Wis. 549 [218 N.W. 809], a statute provided: "Any person who shall take, use and operate any automobile . . . upon any public highway of this state without the consent of the owner thereof shall, upon conviction thereof," be punished, etc. (§ 343.18 Stats.) The court said this constituted a distinct offense, one not necessarily

included in the crime of larceny, citing *Eastway* v. *State,* 189 Wis. 56 [206 N.W. 879]. In the latter case Eastway was acquitted of larceny, and then charged with taking the automobile in question in violation of section 343.18 of the statutes of the state. The court held that the offenses were distinct and that the acquittal of the larceny was not a bar to prosecution for latter offense.

In *Slater* v. *Commonwealth,* 179 Va. 264 [18 S.E.2d 909], the court said that the main difference between common law larceny, and the statutory offense of unauthorized use, is that in the former there must be an intent to deprive the owner of his property permanently, while in the latter the intent is to deprive the owner of possession temporarily and without intent to steal; and that the intent with which property is taken determines the offense. In *Smith* v. *State,* 66 Tex.Cr. 246 [146 S.W. 547], defendant took a car from a garage and after riding around in it returned it to an alley in the rear of the owner's house the same night; and it was held that the taking did not constitute theft. In *State* v. *Boggs,* 181 Iowa 358 [164 N.W. 759], it was said that the taking of a motor vehicle and operating the same without intention of appropriating it permanently to the use of the person taking and operating it, is not larceny, and could not be punished as such.

The Utah information filed against this petitioner does not charge that he took the automobile with intent to deprive the owner of the title or possession of same either temporarily or permanently; it merely charges that he deprived the owner of the vehicle by taking possession of same and driving it away. Though the offense was designated a felony, nevertheless, it bears a closer resemblance to our Penal Code section 399b, the so-called "joy-ride" statute, than it does to either section 146 or section 503, *supra,* since, for all that appears, the taking of the vehicle may have been merely for the purpose of temporarily using or operating the same. And it may be said, in passing, that the Legislature of Utah has now reduced the offense with which defendant was charged, from felony to misdemeanor.

From the foregoing we conclude that the offense with which petitioner was charged in Utah, had it been committed in California, would not have constituted an offense included among those enumerated in section 644 of the Penal Code, and that petitioner's conviction thereof did not furnish grounds for adjudging him an habitual criminal. It may also

be noted that while the judgment of the trial court provided that petitioner should be imprisoned "for the term of his natural life with the possibility of parole," section 1168 of the Penal Code as it read at the time of petitioner's conviction in this state provided that the court in imposing sentence should not fix the term or duration of the period of imprisonment, that being a matter for the State Board of Prison Directors (see Stats. 1933, ch. 814, p. 2156).

It being conceded by respondent that petitioner has now served, with the benefit of credits earned and granted, the maximum term of imprisonment provided by law for the offense of which he was convicted in California, to wit, burglary of the second degree, it follows that his present detention is illegal. It is therefore ordered that he be discharged from custody.

Peek, J., and Thompson, J., concurred.