[Crim. No. 1951.   Third Dist.   Jan. 29, 1946.]

In re CLARENCE E. THOMPSON, on Habeas Corpus.

Clarence E. Thompson in pro. per. for Petitioner.

Robert W. Kenny, Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Petitioner is imprisoned in the State Prison at Folsom after conviction in Kings County, California, in November, 1936, of assault with intent to commit murder, and assault with a deadly weapon. The information upon which he was convicted charged three prior convictions, one of them for larceny in Wisconsin in November, 1918. On his arraignment defendant admitted the three priors, and after his conviction on the main charge was found to be an habitual criminal and sentenced to imprisonment in the state prison, the judgment reciting three prior convictions.

In his petition before this court he alleges that in June, 1942, on motion of the district attorney of Kings County, the superior court of that county made and entered an order that petitioner had two prior convictions instead of three as stated in said commitment, and that a copy of such order had been furnished to the prison officials, but that same had been disregarded by the State Board of Prison Directors. He further alleges that the crime of larceny of which he was convicted in the State of Wisconsin was larceny of but $35, a crime which was not then and is not now one which comes within the provisions of section 644 of the Penal Code of California, and that petitioner was improperly charged and sentenced as one with three prior convictions. He does not contend that he is now entitled to his release by reason of the error aforesaid, but asserts that with the benefit of credits earned and granted to him, he has served the minimum term of imprisonment required by law and is entitled to parole consideration by the Adult Authority, which consideration is being denied him because of the aforesaid judgment and commitment.

It is conceded by respondent that petitioner's contention regarding the prior conviction in Wisconsin is correct; and a copy of the information filed in that state shows that the crime charged was the larceny of but $35. Respondent also concedes that such prior conviction was improperly considered by the Superior Court of Kings County in sentencing petitioner. (See *People* v. *McChesney,* 39 Cal.App.2d 36 [102 P.2d 455] ; *In re Howard,* 69 Cal.App.2d 164 [158 P.2d 408] ; *In re Connell,* 68 Cal.App.2d 360 [156 P.2d 483] ; *People* v. *Hayes,* 3 Cal. App.2d 59 [39 P.2d 213] ; *In re Taylor,* 64 Cal.App.2d 47

[148 P.2d 143]; *People* v. *Pace*, 2 Cal.App.2d 464 [38 P.2d 202].)

In view of the foregoing we hold that the inclusion of the Wisconsin larceny prior conviction as one of the three priors mentioned in the judgment and commitment was erroneous, that petitioner has only two prior convictions against him, and that the Adult Authority should act in conformity herewith in determining the eligibility of petitioner for parole and/or for termination of sentence.

Peek, J., and Thompson, J., concurred.