[Crim. No. 1965.   Third Dist.   June 18, 1946.]

In re LLOYD A. KINGSBURY, on Habeas Corpus.

Lloyd A. Kingsbury, in pro. per., for Petitioner.

Robert W. Kenny, Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

ADAMS, P. J.—On March 23, 1944, an information was filed against petitioner in Los Angeles County, charging him with four counts of grand theft: (1) On June 12, 1943, obtaining from Edward Lunsman, the sum of $500; (2) on June 16, 1943, obtaining from the same victim, the sum of $1,000; (3) on June 18, 1943, obtaining from the same victim, the sum of $750; (4) on June 25, 1943, obtaining from the same victim, the sum of $375. The information also charged petitioner with four prior convictions, and service of terms therefor in state prisons. One of the priors was later dismissed on motion of the district attorney.

Petitioner entered his plea of not guilty to the charges in each of the four counts and denied the prior convictions alleged. A jury found him guilty on all four counts of grand theft and also found him guilty of the three prior convictions. He moved for a new trial and his motion was denied. He was adjudged to be an habitual criminal and sentenced to the state prison for the term prescribed by law on each count, it being ordered by the trial court that the sentences on counts 1 and 2 should run concurrently and that the sentences on counts 3 and 4 should run concurrently, but that the term for which he was sentenced on counts 3 and 4 should follow the term of the sentences on counts 1 and 2.

As the ground for adjudging petitioner an habitual criminal each of the judgments of the trial court recited:

". . . And the jury having found the allegation of first, second, and third prior convictions of felonies as alleged in the information true, to-wit: Issuing Check Without Sufficient Funds, a felony, convicted in the Superior Court of the State of California, Los Angeles County, upon which judgment was rendered on or about September 20, 1913, and having served a term of imprisonment therefor in the State Prison; Obtain-

ing Money by False Pretenses, a felony, convicted in the Circuit Court of the State of Maryland, Baltimore County, upon which judgment was rendered on or about May 9, 1916, and having served a term of imprisonment therefor in the State Prison; and Obtaining Money by False Pretenses, a felony, convicted in the Circuit Court of the State of Illinois, Rock Island County, upon which judgment was rendered on or about March 20, 1928, and having served a term of imprisonment therefor in the State Prison.''

From said judgment and from the order denying a new trial defendant appealed and on that appeal contended, among other things, that the trial court had committed prejudicial error in receiving evidence of defendant's prior convictions. The court held that there was no merit in this contention, and affirmed the judgment. (See *People* v. *Kingsbury*, 70 Cal. App.2d 128 [160 P.2d 587].)

On February 28, 1946, Kingsbury filed in this court the petition for a writ of habeas corpus now under consideration, alleging therein that none of the prior offenses charged in the information filed against him in Los Angeles County was a felony comprehended within section 644 of the Penal Code, and that therefore he had been erroneously adjudged to be an habitual criminal; also that the four separate charges in the information all related to one general transaction for which, under section 484 of the Penal Code there could be but one punishment, and that the trial court erred in providing that the sentences on counts 3 and 4 should run consecutively with the sentences on counts 1 and 2.

An answer and return, filed in response to the writ of habeas corpus issued by the court, denied the latter contention of petitioner, but admitted that the prior conviction in the State of Maryland of larceny of $10 was insufficient to constitute grand larceny in California, and should not have been considered by the trial court in adjudicating defendant an habitual criminal.

It is not clear from the record before us whether defendant was adjudged an habitual criminal because of the *three* prior convictions charged in the information, and set forth in the four separate judgments against defendant, or whether but two of them were considered by the trial court as set forth in the minutes of court which recite: ''In view of the fact that defendant has *twice* been convicted of Grand Theft, the de-

fendant is adjudicated an habitual criminal under the provisions of Section 644 of the Penal Code.'' (Italics added.) However, it appears upon the face of the record which was before the trial court that no one of them charges such a felony as is comprehended by said section 644.

The crime charged as ''Issuing Check Without Sufficient Funds'' in Los Angeles County, California, was held in *People v. Shaw,* 137 Cal.App. 533, 537 [30 P.2d 1031], not to constitute one of the offenses described in section 644, *supra,* upon which a judgment finding a defendant an habitual criminal can be based.

The crime charged as ''Obtaining Money by False Pretenses'' in Maryland in 1916 appears from the record in the trial court to have been a charge of obtaining but $10 on such false pretenses, an offense which, had it been committed in California, would have constituted a misdemeanor only, and is therefore not one upon which a defendant may be adjudged an habitual criminal. (See *People* v. *Shaw, supra,* at page 536; *In re Howard,* 69 Cal.App.2d 164 [158 P.2d 408]; *In re Thompson,* 72 Cal.App.2d 747 [165 P.2d 533]; *People v. Richardson, ante, pp.* 528, 539, 540 [169 P.2d 44].)

The crime charged as ''Obtaining Money by False Pretenses'' in Illinois appears from the record to have been ''an attempt to obtain'' money and property from one Harry W. Johnson ''by means of the confidence game.'' While in the same indictment Kingsbury was charged with having obtained $10,000 from said Johnson by means of the confidence game, the judgment shows that he was convicted of the attempt only—which is not one of the offenses enumerated in section 644, *supra.*

As to petitioner's contention that all the sentences on the four counts of grand theft should have run concurrently, he relies upon section 484 of the Penal Code. We find no merit in this contention. Under the facts as they appear in the decision on petitioner's appeal, each transaction set forth in the four charges constituted a separate offense, and under the provisions of section 669 of the Penal Code it was within the power of the court to order the sentences to run either concurrently or consecutively. (See *People* v. *Stanford,* 16 Cal.2d 247, 251 [105 P.2d 969]; *People* v. *Rabe,* 202 Cal. 409, 413 [261 P. 303]; *People* v. *Ellison,* 26 Cal.App.2d 496, 498-499 [79 P.2d 732]; *People* v. *Miles,* 37 Cal.App.2d 373, 378-379

[99 P.2d 551] ; *People* v. *Serna,* 43 Cal.App.2d 106, 108 [110 P.2d 492] ; *People* v. *Caldwell,* 55 Cal.App.2d 238, 250-251 [130 P.2d 495].)

■ We think that the record conclusively shows that the three prior convictions charged did not constitute a valid ground for adjudging petitioner to be an habitual criminal for the reasons above stated. However, such adjudication did not render the judgment void. It is still valid as to the sentences imposed for the main offenses charged, and only void as to the excessive imprisonment imposed. (*In re Williams,* 4 Cal.App.2d 351 [40 P.2d 890] ; *In re Howard, supra.*)

■ It is not contended by petitioner that he is now entitled to his release, but he does contend that he is entitled to have his term of imprisonment and his right to parole determined upon the valid portion of his sentence only. With this position we agree. We accordingly hold that the Adult Authority should disregard the adjudication of petitioner as an habitual criminal and should fix his term of imprisonment and determine his eligibility for parole solely on the portion of the sentences imposed upon the main charges of grand theft as stated in the judgment and commitment.

Peek, J., and Thompson, J., concurred.