[Crim. No. 4403.   Second Dist., Div. One.   Aug. 22, 1950.]

THE PEOPLE, Respondent, v. THEODORE EMERY et al., Defendants; DR. SAMUEL D. COLLINS, Appellant.

Frederic H. Vercoe for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

DRAPEAU, J.—In 1946 defendant was tried by court and jury, and convicted of abortion.  He admitted a prior conviction of the same offense.  Motion for new trial was made and denied, and he was sentenced to state's prison for the term prescribed by law.  The judgment and order were affirmed by this court.  (*People* v. *Emery,* 79 Cal.App.2d 226 [179 P.2d 843].)

In January, 1949, defendant petitioned the superior court for writ of error *coram nobis*. The petition was heard and denied. From this order defendant appeals.

Only one ground in support of the petition needs attention. Other grounds in the petition (which was prepared by defendant himself) are palpably insufficient, and are so conceded by his counsel.

At the jury trial the young woman victim of the defendant testified that she was pregnant, and that she went to defendant's office. She described at length what was done to her on two occasions. A synopsis of her testimony may be read in *People* v. *Emery, supra.*

In his petition here defendant avers that two doctors would have testified that they examined the young woman at the time in question and that she was not then pregnant. Defendant asserts that it was negligence on the part of his then counsel not to have called these two doctors as witnesses in his behalf.

A counteraffidavit was filed by counsel, denying negligence, stating that defendant himself told him that the woman was pregnant, and asserting that he did all in his power in the defense of his client. The trial court indicated that he believed this affidavit. However, as stated by defendant, professional conduct of his counsel is collateral to the question here involved, and should not in any way be determinative of it.

Many California cases have considered and discussed the writ of error *coram nobis,* its application, its scope and its effect.

In *People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13], it is said:

"In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. (Citing cases.) Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (Citing cases.)"

And in *People* v. *Tuthill,* 32 Cal.2d 819 [198 P.2d 505], it is said:

"Defendant recognizes the following settled rule: 'The office of the writ of *coram nobis* is to bring the attention of the court to, and obtain relief from, errors of fact, such as . . . *a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant,* was not made,

either through duress or fraud or *excusable mistake*; these facts not appearing on the face of the record, and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned.' (Citations.) . . . It is a general rule that the writ will not be granted for newly discovered evidence going to the merits of the issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial. (Citing cases.)''

The effect of the testimony of the two doctors, if it had been taken, could only have been to raise a question of the weight of their opinion and that of the woman herself. The fact that she was not pregnant, if it had been brought to the attention of the court and jury, would not have compelled a verdict of not guilty. It would not have prevented the rendition of the judgment. (*People* v. *Emery, supra.*) Speculation as to what the jury might have done had these witnesses testified is not within the reach of this inquiry.

Nor would the fact that the woman was not pregnant brought now without dispute to the attention of this court compel the issuance of the writ of error *coram nobis*. The rule to be here applied is that set forth in *People* v. *Tuthill*, supra: '' . . . that the writ will not be granted for newly discovered evidence going to the merits of the issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.''

The order is affirmed.

White, P. J., and Doran, J., concurred.