[Crim. No. 2214.   Third Dist.   Sept. 1, 1950.]

In re LEONARD E. BREES, on Habeas Corpus.

Richard J. Lawrence for Petitioner.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Petitioner is incarcerated in what is generally known as the Folsom Prison, by reason of a conviction in the Superior Court of Los Angeles County of first degree robbery, the judgment of that court providing for his imprisonment for the term prescribed by law and adjudging him to be an habitual criminal.

Petitioner in this proceeding does not claim that he is entitled to be released from prison, but does seek a decision that the portion of the judgment declaring him to be an habitual criminal is void and without effect, and that he should be dealt with, hereafter, as a prisoner who has not been so adjudged.

That habeas corpus may be resorted to for the purpose of securing such relief was determined in *In re McVickers,* 29 Cal.2d 264, 270 [176 P.2d 40].   Here the facts conceded by respondent to be true are that on October 6, 1939, petitioner was convicted in the Superior Court of Los Angeles County of robbery of the first degree, and sentenced to San Quentin for the term prescribed by law.   He was thereafter paroled and while on parole was, on February 24, 1943, again convicted of robbery in Los Angeles County and sentenced for the term prescribed by law, it being decreed that sentence was "to run CONSECUTIVELY with any unexpired term defendant may be

required to serve.'' Petitioner was thereupon remanded to the custody of the warden of San Quentin Prison, the action granting conditional parole having been rescinded in January, 1943, prior to the conviction of February 24 of 1943. In August, 1944, Brees was granted a special service parole and after his honorable discharge from the service the Adult Authority, on August 1, 1947, fixed his ''terms'' to effect discharge on August 8, 1947. On June 3, 1948, the sentence under which he is now serving was imposed.

From the foregoing it becomes apparent that the term of imprisonment decreed on February 24, 1943, which was to be served after the termination of the term imposed on October 6, 1939, was never commenced, and that during the period when he was incarcerated after the conviction of February 24, 1943, he was, in fact, serving under the term imposed by the judgment of October 6, 1939.

Section 644 of the Penal Code provides, not only that to constitute one an habitual criminal he must be twice or more convicted of offenses there enumerated upon charges separately brought and tried, but that he shall have served separate prison terms therefor. It is conceded by respondent that petitioner did not serve a separate term of imprisonment for his second conviction, and that the adjudication that he is an habitual criminal does not find support in the record. See *People* v. *Gump*, 17 Cal.App.2d 221, 224 [61 P.2d 970].

For such benefit as may accrue to petitioner it is therefore adjudged that the portion of the judgment of June 3, 1948, which declared petitioner to be an habitual criminal is of no force and effect, and that in fixing petitioner's term of imprisonment and in determining his eligibility for parole the Adult Authority shall disregard the prior adjudication that he is an habitual criminal. (*In re Kingsbury,* 74 Cal.App.2d 959, 963 [170 P.2d 82].)

It appearing, however, that petitioner is not entitled to his release from the imprisonment imposed after his conviction on June 3, 1948, the writ of habeas corpus heretofore issued is discharged and petitioner is remanded to the custody of the warden of the California State Prison at Folsom.

Peek, J., and Van Dyke, J., concurred.