109 N.J. Super. 298 (1970)
263 A.2d 161
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DONALD HINES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1970.
Decided March 20, 1970.
*301 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Claude J. Minter, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
*302 Mr. Myron H. Gottlieb, Assistant Prosecutor, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General, by Mr. Maurice Denbo, Deputy Attorney General, assigned Burlington County Prosecutor, attorney).
The opinion of the court was delivered by MATTHEWS, J.A.D.
Defendant appeals from judgments of conviction for conspiracy to steal (N.J.S.A. 2A:98-1) and for being an habitual criminal (N.J.S.A. 2A:85-12). Each conviction resulted after a separate jury trial.
Defendant was orginally charged in seven indictments with murder (I-240-66); conspiracy to commit murder (I-242-66 and I-243-66); conspiracy to commit robbery (I-244-66 and I-245-66); carrying a concealed deadly weapon (I-241-66); and receiving stolen property (I-246-66). After the State had opened, the trial judge, on defendant's motion, dismissed I-243-66, conspiracy to kill, and I-245-66, conspiracy to steal, on the ground that the State's theory did not support a charge that defendant on two distinct occasions unlawfully conspired to kill, and on two others conspired to steal. The trial judge thereupon amended the remaining conspiracy indictments, I-242-66 and I-244-66, conspiracy to kill and steal, respectively, to reflect his finding that only one continuing conspiracy to kill and one to steal allegedly had occurred. After the State had entered its case, the trial judge directed that verdicts of not guilty be entered in favor of defendant on indictments I-241-66 (carrying a concealed deadly weapon) and I-246-66 (receiving stolen property). Thus, only the charges contained in indictments I-240-66 (murder), I-242-66 as amended (conspiracy to murder), and I-244-66 as amended (conspiracy to commit robbery), were submitted to the jury. As noted, the jury found defendant guilty of conspiracy to commit robbery. He was acquitted of the charges contained in the other two indictments.
After conviction of defendant on the conspiracy charge, the prosecutor prepared an accusation charging defendant *303 as being an habitual offender under N.J.S.A. 2A:85-12. The accusation charged defendant with seven prior convictions, as follows:
(a) Larceny, Illinois, September 25, 1947;
(b) Burglary, Larceny and Conspiracy to Commit Burglary, Pennsylvania, October 28, 1952;
(c) Prison Breach, Pennsylvania, October 28, 1952;
(d) Theft from Interstate Commerce, U.S. District Court (Pa.), January 28, 1966;
(e) Interstate Transportation of Stolen Motor Vehicle, U.S. District Court (Pa.), January 28, 1966;
(f) Theft from Interstate Shipment, U.S. District Court (Pa.) January 28, 1966; and
(g) Possessing and Transporting Goods Stolen from Interstate Shipment, U.S. District Court (Pa.) January 28, 1966.
The accusation also included the conviction returned under indictment I-244-66.
After the accusation was moved for trial, the trial judge struck the allegations contained in paragraph (c) since the equivalent to prison breach, escape (N.J.S.A. 2A:104-6), is not a high misdemeanor in this State; the allegation of paragraph (d) for failure to meet the $200 limitation of N.J.S.A. 2A:119-2; the allegation of paragraph (e) because the comparable offense, bringing stolen property into this State (N.J.S.A. 2A:119-9), is merely a misdemeanor; and the allegation of paragraph (f). Trial was therefore held on paragraphs (a), (b) and (g) and the recent conviction for conspiracy. The trial judge ruled as a matter of law that these convictions were equivalent to high misdemeanor violations under the laws of this State. The jury was given questions of identity, i.e., whether Hines was the same person convicted of the three foreign offenses, and also the question of whether there were prior convictions. The jury returned a guilty verdict and defendant was subsequently sentenced to life imprisonment.
Defendant is represented on this appeal by the Public Defender. He urges two grounds for reversal: (a) that defendant's attorney's conduct denied him effective assistance of *304 counsel at trial  this having allegedly occurred during the habitual criminal trial; and (b) that one of the prior convictions considered in the habitual offender trial was not the equivalent of a high misdemeanor under our law. In addition, defendant has filed an extensive supplemental brief, pro se, raising seven additional points for reversal, five of which go to the conspiracy conviction and two of which go to the habitual offender conviction.
We do not agree with the first contention advanced by the Public Defender. Trial counsel vigorously presented defendant's case. We fail to see how the remarks made by him in the course of his opening statement, specifically those relating to him having been assigned, prejudiced defendant to the extent of depriving him of a fair trial  especially in light of the trial judge's immediate observation to the effect that both defense counsel and the prosecutor were in the same sense assigned. The circumstances presented in the record here may readily be distinguished from those found in State v. Woodard, 102 N.J. Super. 419 (App. Div. 1968), certif. den. 53 N.J. 64 (1968), cert. den. 395 U.S. 938, 89 S.Ct. 2004, 23 L.Ed.2d 453 (1969) and State v. Reddick, 76 N.J. Super. 347 (App. Div. 1962). We find that defendant received a very able defense. The test is, did he receive a fair trial? We find that he did.
The Public Defender next argues that the prior Pennsylvania conviction contained in the habitual criminal accusation (par. (b), above) was improperly submitted to the jury for consideration. The Pennsylvania statute in question, P.L. 872, § 807, read as of the time of the offense in October 1952, 18 P.S. § 4807, that: "Whoever commits larceny, is guilty of felony, and shall, upon conviction thereof, be sentenced * * *." Our statute, N.J.S.A. 2A:119-2, provided that any person who steals money, goods, chattels or other personal property of another is guilty of a misdemeanor, if the price or value of such property was under $50 and, if over $50 such person is guilty of a high misdemeanor. Defendant's argument, essentially, *305 is that if one merely looks at the statute, the Pennsylvania offense could possibly have been no more than a mere misdemeanor, and so could not be considered under N.J.S.A. 2A:85-12.
The Public Defender relies on People v. Gailhard, 278 App. Div. 712, 103 N.Y.S.2d 203 (App. Div. 1951), where defendant was sentenced as a fourth offender, one of the convictions relied upon being under the same Pennsylvania statute. The Appellate Division reversed because of a prior decision of the Court of Appeals in People v. Olah, 300 N.Y. 96, 89 N.E.2d 329, 19 A.L.R.2d 219 (Ct. App. 1949). In Olah the court had refused to consider a Pennsylvania indictment which recited that the value of the items stolen by defendant was over $200 and, therefore, clearly came within the New York felony statute. Instead, it referred only to the statute which, as noted, contained no monetary minimum. Other New York decisions to the same effect are People v. Gifford, 2 A.D.2d 642, 151 N.Y.S.2d 982 (App. Div. 1956) and People v. French, 5 A.D. 2d 852, 171 N.Y.S.2d 471 (App. Div. 1958).
The approach to this problem by the New York courts must be contrasted with that of the courts of California where the court looks at the entire record in determining the quality of the prior offense. The Pennsylvania larceny statute, under consideration here, was involved in People v. Pace, 2 Cal. App.2d 464, 38 P.2d 202 (D. Ct. App. 1934), where the court, relying upon the indictment which gave the value of the stolen goods as $10, held the prior Pennsylvania conviction not applicable. To the same effect, see In re Thompson, 72 Cal. App.2d 747, 165 P.2d 533 (D. Ct. App. 1946); People v. Houston, 88 Cal. App.2d 11, 198 P.2d 53 (D. Ct. App. 1948); Ex parte Mead, 92 Cal. App.2d 536, 206 P.2d 1091 (D. Ct. App. 1949).
We are inclined to follow the approach taken by the California courts. The proper test under N.J.S.A. 2A:85-12 is not what the provisions of the foreign statute are, but rather, whether the offense committed in the foreign *306 jurisdiction would be a high misdemeanor if it had been committed in this State. In order to meet that test, the entire record of conviction in the foreign jurisdiction must be reviewed. The Pennsylvania indictment shows that the value of the goods stolen by defendant was $564. We conclude, therefore, that the trial judge correctly held that the jury could consider the Pennsylvania conviction.
We consider now various arguments raised by defendant in his pro se brief. First, he contends that it was prejudicial for the trial judge to have allowed a joint trial of the seven indictments pending against him, and therefore he was denied due process. As we have noted heretofore, only three of those indictments actually went to the jury for determination. It is clear that all of the indictments involved charged offenses which were based on "2 or more acts or transactions connected together or constituting parts of a common scheme or plan." R.R. 3:4-7 and 3:5-6 (R. 3:7-6 and 3:15-1). Whether joinder is prejudicial in a given case is resolved by determining whether the jury would likely be unable to comply with the trial judge's instructions. In short, could the jury arrive at a determination on each charge irrespective of the evidence concerning guilt on other charges? State v. Manney, 26 N.J. 362 (1968). Our reading of the entire trial record satisfies us that the jury not only could, but did comply with the trial judge's instructions. The evidence adduced at trial by the State strongly implicated defendant in the conspiracy to rob. Proof as to the other two charges required the drawing of inferences which the jury refused to draw. We find no prejudice.
Our observations in answering defendant's first argument, also serve to answer his next argument that the verdict of the jury was contrary to the weight of the evidence.
Next, defendant argues that he was denied due process of law and subjected to double jeopardy when the court allowed the jury to consider both the conspiracy to murder and conspiracy to rob indictments along with the murder indictment, because the State knew that defendant *307 was not the actual murderer. We fail to find any legal substance to this argument, much less merit.
Error is also claimed because of the trial judge's partial denial of the defense motion to sequester the prosecution witnesses, in that he permitted the chief of county detectives to sit at counsel table with the prosecutor during the trial. There was a "sound basis" for permitting him to remain at the counsel table. State v. Di Modica, 40 N.J. 404 (1963). The trial judge gave sound reasons for this exception to total sequestration. The chief was a necessary trial aide because of his knowledge and preparation of the case; he was fully aware of all aspects of the case prior to trial. We note, also, that the chief's testimony was already on the record and could not be altered without being impeached. We fail to find any basis for determining that defendant was prejudiced by this partial sequestration  and he has offered none to us in his brief.
The argument next made, that defendant was never convicted of the crime with which he was charged (conspiracy to commit robbery), but of conspiracy to steal, we find to be frivolous. It is sufficient to observe that the indictment (I-244-66) charged defendant with having conspired with others "feloniously and forceably to take, steal and carry away from the person * * *." (Emphasis added).
Defendant also raises one argument with respect to his conviction under the habitual offender statute. He claims that "the action of the trial court in altering the accusation for habitual criminal deprived [him] of a fair trial, due process and equal protection under law and was fatal to the extent of causing the court to lose jurisdiction to proceed with the trial on the altered accusation." This claim arises out of the action of the trial judge striking the words "by bailee" in paragraph (a) of the accusation charging defendant with being an habitual criminal. In 1947 defendant had been indicted in the State of Illinois in a two-count indictment charging him, in the first count, with larceny by a bailee (the equivalent of embezzlement in this State, *308 N.J.S.A. 2A:102-5  a misdemeanor), and in the second count, with larceny. The value of the goods taken (which were the same) under both counts exceeded $7,000. Thus, the second count charged defendant with the crime of grand larceny, N.J.S.A. 2A:119-2 (a)  a high misdemeanor. Defendant pleaded guilty, and the record of conviction contained in an exemplified copy thereof, introduced at trial, discloses that "defendant Donald Hines * * * withdraws his plea of Not Guilty, heretofore entered to the indictment in this cause and for a plea thereto say that he is guilty of Larceny, in manner and form as charged in the indictment, in this cause." (Emphasis added). Defendant's argument is that the Illinois conviction actually amounted to a conviction for a misdemeanor since he pleaded in that state to the crime of larceny as set forth in the indictment which embraced a crime equivalent to merely a misdemeanor in this State.
There are two difficulties with defendant's argument. First, the exemplified copy of the judgment of conviction shows clearly that it was the second count which was pleaded to and not the first  this because no copy of the first count is included in the exemplified copy of the conviction furnished. Second, it is clear that the judgment of conviction in Illinois refers specifically to the fact that he pleaded guilty "of larceny, value of property $565.00." While the judgment continues in stating "in the manner and form as charged in the indictment," an unstrained reading of that judgment requires us to refer to the second count of the indictment wherein he was charged with the crime of larceny and not with the crime of larceny as a bailee. This conclusion we find to be implicit in the judgment of sentence.
Defendant finally contends that he was denied the effective assistance of counsel on this appeal. We suppose this argument is advanced by defendant because the Public Defender did not incorporate all of defendant's pro se arguments in his own brief. We find defendant's claim *309 to be baseless. It should be clear from a reading of this opinion that the only arguments advanced on defendant's behalf which had any legal basis were those advanced by the Public Defender.
The judgments of conviction are affirmed.