158 N.J. Super. 488 (1978)
386 A.2d 466
STATE OF NEW JERSEY, PLAINTIFF,
v.
MARIO JASCALEVICH, DEFENDANT.
IN THE MATTER OF APPLICATION OF MYRON FARBER AND THE NEW YORK TIMES COMPANY RE: SEQUESTRATION.
Superior Court of New Jersey, Law Division.
Decided March 14, 1978.
*490 Mr. Floyd Abrams for applicant (Messrs. Cahill, Gordon & Reindel, attorneys).
Mr. Peter G. Banta for applicant (Messrs. Winne, Banta, Rizzi & Harrington, attorneys).
Mr. Raymond A. Brown for defendant (Messrs. Brown, Vogelman & Brown, attorneys).
Mrs. Sybil R. Moses, Assistant County Prosecutor, for the State (Mr. Roger A. Breslin, Jr., Bergen County Prosecutor, attorney).
ARNOLD, J.C.C. (temporarily assigned).
This matter came before the court on a motion by Myron Farber, a reporter, and The New York Times Company, to exempt Myron Farber from the provisions of an order of sequestration entered by this court on January 17, 1978, as part of the pretrial order.
The facts show that Farber has written articles for the New York Times about this matter, commencing in January 1976. According to an article printed in the New York Times (hereinafter the Times) on January 8, 1976, Farber showed Joseph Woodcock, the Bergen County Prosecutor at that time, a deposition not in the State's file and provided additional information that convinced the prosecutor to reopen an investigation into some deaths that occurred at Riverdell Hospital.
Prior to the commencement of this trial, which involves some of those deaths, this court required both the State and defendant to provide lists of prospective witnesses to the court and to each other. Such a list was submitted on behalf *491 of defendant on November 10, 1977. The name of Myron Farber appeared on defendant's list.
A pretrial conference was held by this court on January 17, 1978. The State requested that all fact witnesses be sequestered. The court directed that all witnesses be sequestered as set forth in the pretrial order. A subpoena ad testi ficandum was served on Farber on March 1, 1978. A hearing was held before this court on March 2, 1978, at which time counsel for defendant represented, as an officer of the court, that Farber had relevant and competent information and that he intended to call him as a witness, and demanded that he be sequestered in accordance with the order. The court ruled preliminary that defendant's right to a fair trial required that Farber should not be exempt from the sequestration order. The court observed that in no sense was the Times prevented from fully reporting any of the happenings in open court. The court also suggested that it would allow Farber to attend the proceedings if he would testify in an in-camera proceeding prior to the openings and again at the close of the State's case. Farber refused the court's offer. It may be noted the assistant prosecutor does not at present object to excluding Farber from the prohibitions of the sequestration order. The articles of January 7 and January 8, 1976 were marked in evidence. For the purpose of the hearing, the court permitted the Times to become a party to the application, and an affidavit of A.M. Rosenthal, executive editor of the Times, was submitted in opposition to the court's order of sequestration as it pertains to Farber.
The Times and Farber contend that he should be exempt from the order of sequestration. They assert that under the laws of this State and the First Amendment to the Constitution of the United States, Farber is entitled to be present throughout the trial and should not be sequestered.
To separate or sequestrate witnesses is termed by most courts as "putting the witness under the rule." A trial judge may exclude witnesses from the courtroom during the trial and may direct that they shall be examined out of the *492 hearing of one another, or may direct that they shall be separated from one another. This is within the trial judge's discretion and is not a matter of right. It has been held that this discretion must be exercised in such a way as not to deprive the accused of his right to a fair and impartial trial.
The purpose of the rule is to discover truth, detect and expose falsehood. This, of course, is accomplished by preventing testimony of one witness from being influenced by another  that is, for the purpose of preventing witnesses from shaping their testimony to match that given by other witnesses within their hearing. The purpose is expressed in an Alabama case:
The manifest purpose of the rule is to secure the truth and promote the ends of justice; to have the recollection of the individual witness, of the facts which he may testify to, uninfluenced by the testimony of other witnesses, or, in the case of experts, the opinion of the expert, uninfluenced by the evidence of another expert. [Roberts v. State, 122 Ala. 47, 25 So. 238, 240 (Sup. Ct. 1899)]
A difference of judicial opinion exists as to whether sequestration is demandable as of right or is to be granted only in the trial judge's discretion. 6 Wigmore on Evidence (Chadbourn rev. 1976), § 1839 states that "It seems properly to be demandable as of right, precisely as is cross-examination."
In State v. Williams, 29 N.J. 27 (1959), Chief Justice Weintraub was of the opinion that the sound exercise of discretion automatically required a motion for sequestration to be granted, especially where witnesses were related by blood, or are neighbors or friends of each other. The court in State v. DiModica, 40 N.J. 404 (1963) said:
That sequestration is discretionary with the trial court is the rule in the great majority of jurisdictions. Annotation, 32 A.L.R.2d 358 (1953); 6 Wigmore, Evidence 1839, p. 359 (3 ed. 1940) [citing cases]. Dean Wigmore, while recognizing the majority rule, is of the opinion that sequestration should be allowed as a matter of right. *493 6 Wigmore, supra, at p. 357. We reserved this question in State v. Williams, 29 N.J. 27 (1959), as reversal was there required for other reasons. Nevertheless, we observed that the reason for sequestration is to prevent prospective witnesses from hearing what the other witnesses detail in their evidence, "for the less a witness hears of another's testimony, the more likely is he to declare his own knowledge simply and unbiased" (quoting from State v. Zellers, 7 N.J.L. 220, 226 (Sup. Ct. 1824)) State v. Williams, supra 29 N.J. at p. 46. And we noted that an exercise of sound discretion ordinarily requires that a motion for sequestration be granted. Ibid. We add that in order to uphold the denial of a timely motion for sequestration the record should disclose a sound basis for such denial. Where there is an arbitrary denial of such a timely motion, it is not necessary for the defendant to show that he has been prejudiced thereby. Such a showing would be virtually impossible to make, for no one can tell how the later witnesses' testimony might have differed had the motion been allowed. [at 413]
See People v. Dixon, 23 Ill.2d 136, 177 N.E.2d 206 (Sup. Ct. 1961).
Exemptions from the rule have been allowed. As noted in State v. Barts, 132 N.J.L. 74, 83-84 (Sup. Ct. 1944), aff'd 132 N.J.L. 420 (E. & A. 1945) "* * * it is within the sound discretion of the court to permit a limited number of witnesses to remain for the purpose of assisting the prosecution." See too, U.S. v. Mallis, 467 F.2d 567 (3 Cir. 1972); State v. Hines, 109 N.J. Super. 298 (App. Div. 1974). As was noted in Barts (132 N.J.L. at 84), "* * * the wisdom of excluding the lay witnesses generally is so apparent as to require no discussion of the point, and it is obvious that it is a matter for the prudence and sound discretion of the trial court."
There is thus ample authority for sequestering Farber, in view of defense counsel's assertion as an officer of the court that the witness will be called to testify as to competent and relevant evidence.
The court has examined the news stories in evidence and they demonstrate exceptional quality, a grasp of intricate scientific knowledge, and a style of a fine journalist. They, also, demonstrate considerable knowledge of the case before the court and deep involvement by Farber, showing his *494 attributes as a first-rate investigative reporter. However, if a newspaper reporter assumes the duties of an investigator, he must also assume the responsibilities of an investigator and be treated equally under the law, unless he comes under some exception.
Counsel for the applicants seek to carve out of these proceedings a First Amendment privilege which provides the exception, and therefore says that Farber should be exempt from the sequestration order.
The subject of restraining the reporting of proceedings in courts has been well covered by landmark cases. Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976), and our own Supreme Court case of State v. Allen, 73 N.J. 132 (1977), where the opinion was delivered by Justice Sullivan and there were concurring opinions by Justices Pashman and Schreiber. Thus proceedings which take place in an open court are matters of public record and the news media have an absolute right to report them.
The court has examined the cases of Kovach v. Maddux, 238 F. Supp. 835 (D.C. Tenn. 1965); Borreca v. Fasi, 369 F. Supp. 906 (D.C. Haw. 1974), and Westinghouse Broadcasting Co., Inc. v. Dukakis, 409 F. Supp. 895 (D.C. Mass. 1976). These cases deal with individual newspapers and reporters who were denied attendance at proceedings of a public nature. But none of these cases resembles or decides the issue presented to the court in this matter. Neither the court nor any party is denying Farber access to the court room. He becomes barred by operation of the law and rules that apply equally to any and all witnesses. The court, on the first day that this matter was argued, offered to take the testimony of Farber, in camera, before and after the State's case, to insure that it could not possibly be colored by the testimony of other witnesses. The prosecutor and defense counsel agreed to the procedure, and agreed that as a result of that procedure Farber could be present in the courtroom throughout the entire trial. Farber declined the offer.
*495 The applicants argue that since defendant has not specifically submitted to the court the evidence that he expects Farber to provide, the order in effect excludes Farber from the courtroom merely because he has been served with a subpoena. But see State v. Barts and State v. DiModica, both supra.
A reading of the articles which were introduced into evidence raises in the legal mind issues which at this stage of the case cannot be predicted. For instance, did Farber provide a deposition with information relevant to the case, as stated in the article, and has he waived any privilege he might have had under our rules and statutes? Is a defendant in a trial wherein he is charged with murder compelled to disclose matters which might aid his defense, in violation of his rights? Must defendant make this disclosure in order to insure his guarantee of witnesses free from influence, even though remotely so?
The court also points out that the question of privilege which a newspaper person may assert under our statutes and rules is not directly in issue here, and therefore does not pass on that question.
Clearly, Branzburg v. Hayes, 409 U.S. 665, 92 S.Ct. 2646, 33 L.Ed. 2nd 626 (1972), stands for the proposition that a newspaper publisher and its reporters have no special First Amendment immunity from the application of general law or any special privilege to invade the rights and liberty of others. It is this court's opinion that the rights of the press under the First Amendment can never exceed the rights of a defendant to a fair and impartial trial. Accordingly, this court holds that Farber and the Times have not shown any justifiable or legal reason for exempting Farber from the order of sequestration, and until the further order of this court he is to be considered a sequestrated witness.