601 A.2d 259
STATE OF NEW JERSEY, PLAINTIFF, v.
PATRICK LANZEL, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided September 23, 1991.

would not extend the entire controversy doctrine to the circumstances of this case.

*Sharyn Peiffer,* Assistant Prosecutor, for Plaintiff.

*Carl H. Dobozin,* for Defendant. (*Robert Franz Liebman.*)

MINUSKIN, J.S.C.

██ The issue presented in this pre-trial suppression motion is whether an expert prosecution witness should be exempted from a sequestration order to assist the prosecutor in her cross-examination of defendant's expert, where the State has not been provided with the defense expert's updated medical reports.

The relevant facts are as follows. Immediately before defendant's psychiatrist was to testify, the prosecutor requested that the State's expert be allowed to remain in the courtroom to assist her with her cross-examination despite an earlier sequestration order. The prosecutor's request was based on her inability to conduct an effective unassisted cross-examination since she had not been provided with the testifying psychiatrist's recent reports in time to review them with the State's expert.

The State maintains that no prejudice to defendant will result. In support of her request the prosecutor argues that the State's psychiatrist would not be influenced by hearing the testimony of defendant's psychiatrist because the proposed testimony of each expert is contradictory to the other. Additionally, any delay occasioned by the time required to review

the latest reports with her expert would be eliminated. This court disagrees.

To separate or sequestrate witnesses is termed by most courts as "putting the witness under the rule." A trial judge may sequester a witness if he deems it appropriate; it is a matter of discretion, not a matter of right. *State v. Jascalevich*, 158 *N.J.Super.* 488, 492, 386 *A.*2d 466 (Law Div.1978).

The purpose of the rule is to discover truth and to detect and expose falsehood. As Professor Wigmore's treatise summarizes:

> The process of sequestration consists merely of preventing one prospective witness from being taught by hearing another's testimony ...

6 Wigmore on Evidence § 1838 at 461 (Chadbourn rev. 1976).

It is well-settled in our case law that sequestration orders may be denied where there is a "sound basis" for such denial. *State v. DiModica*, 40 *N.J.* 404, 192 *A.*2d 825 (1963); *State v. Hines*, 109 *N.J.Super.* 298, 263 *A.*2d 161 (App.Div.1970), certif. den. 56 *N.J.* 248, 265 *A.*2d 703 (1970). In *Hines,* the court held that there was a sound basis for excepting the Chief of County Detectives from an order granting a defense motion to sequester prosecution witnesses since because of his knowledge and preparation of the case, he was a necessary trial aide, was fully aware of all aspects of the case prior to trial, and his testimony was already on record. *Id.* 109 *N.J.Super.* at 307, 263 *A.*2d 161.

New Jersey case law has recognized that virtually any lay witness may be sequestered. In *State v. Barts*, 132 *N.J.L.* 74, 84, 38 *A.*2d 838 (Sup.Ct.1944), the court noted that "... The wisdom of excluding the lay witness generally is so apparent as to require no discussion of the point, and it is obvious that it is a matter for the prudence and sound discretion of the trial court."

The prosecutor relies on *U.S. v. Phillips*, 515 *F.Supp.* 758 (E.D.Ky.1981), for her argument that expert witnesses are distinguishable from lay witnesses for the purposes of sequestration. In *Phillips,* the court exercised its discretion to permit

an expert to be exempted from sequestration in order to assist the prosecution during the cross-examination of the defendant's expert. The court said that it "felt that providing the prosecutor with this assistance, which the court believed he genuinely needed, would save time and promote the search for the truth." *Id.* at 761.

Principles set forth in cases decided in the federal courts are not binding in our state courts, and although they provide guidelines, they do not necessarily represent the law of this State. As our Supreme Court has noted "... although we regret a conflict of views between Federal and State Courts operating within the same territory, yet the primary responsibility for the criminal process in the State is ours ..." *State v. Broxton,* 49 *N.J.* 373, 387, 230 *A.*2d 489 (1967).

Our case law makes no distinction between lay and expert witnesses other than the exception that permits an expert to give an opinion based on his knowledge, experience and training. *Evid.R.* 56. Experts are subject to sequestration in the same manner as lay witnesses. In expanding upon the purposes of the sequestration rule, the *Jascalevich* court quoted an Alabama case that stated: "The manifest purpose of the rule is to secure the truth and promote the ends of justice; to have the recollection of the individual witness, or, *in the case of experts, the opinion of the expert, uninfluenced by the evidence of another expert* (emphasis added)". *Jascalevich,* at 492, 386 *A.*2d 466, quoting *Roberts v. State,* 122 *Ala.* 47, 25 *So.* 238, 240 (Sup.Ct.1899). It is to "prevent prospective witnesses from hearing what the other witnesses detail in their evidence, 'for the less a witness knows of another's testimony, the more likely is he to declare his own knowledge simply and unbiased,' quoting from *State v. Zellers,* 7 *N.J.L.* 220, 226 (Sup.Ct.1824)." *DiModica,* 40 *N.J.* at 413.

This lack of distinction between expert and lay witnesses is further supported by *State v. Green,* 129 *N.J.Super.* 157, 322 *A.*2d 495 (App.Div.1974), where the Appellate Division held that

a trial court's denial of defendant's request to sequester a chemist was erroneous. In overturning the lower court, it applied the same test to the sequestration of the expert witness as it would have to the sequestration of a lay witness.

Although the testimony of experts for adverse parties may be expected to be generally contradictory, an expert witness who has not yet testified may nevertheless use the testimony of an opposing expert to lend greater support to his own testimony. That conduct would contravene the purpose of sequestration, which is to secure the opinion uninfluenced by the evidence of another expert. The State's expert here will be testifying to a psychiatric examination he performed on the defendant. There is no need for him to hear the defendant's expert's testimony, nor is there any prospect of undue delay or prejudice by recessing to give the prosecutor time to go over the new-found documents with her expert. Furthermore, no testimony by this witness has previously been recorded so as to prohibit a subtle change in the psychiatrist's previously submitted report (*cf. Hines*).

■ Sequestration of State witnesses should be ordered when requested unless sound and sufficient reason exists to deny it. The court believes that the fact that a State's witness is an expert or that a short adjournment will be required to allow the prosecutor to review new medical reports does not constitute sufficient reason to exempt the expert from sequestration.

■ Accordingly, this court determines that expert witnesses are subject to sequestration in the same manner as lay witnesses and no exemption should be permitted simply because of their expert status. Further, it is the court's opinion in the exercise of its discretion that elimination of the delay otherwise attendant upon sequestration of the State's expert does not constitute a sound basis warranting exemption from the sequestration order. The motion is denied.