964 A.2d 804 (2009)
405 N.J. Super. 324
STATE of New Jersey, Plaintiff-Respondent,
v.
Timothy POPOVICH, Defendant-Appellant.
No. A-2862-07T4.
Superior Court of New Jersey, Appellate Division.
Submitted December 2, 2008.
Decided February 17, 2009.
*805 Stephen M. Pascarella, Red Bank, attorney for appellant.
Luis A. Valentin, Monmouth County Prosecutor, attorney for respondent (Patricia B. Quelch, Assistant Prosecutor, of counsel; Courtney Darsch, Assistant Prosecutor, on the brief).
Before Judges WEFING, PARKER and LeWINN.
The opinion of the court was delivered by
WEFING, P.J.A.D.
Following a trial de novo in the Law Division, defendant was found guilty of driving while intoxicated, N.J.S.A. 39:4-50. He appeals from that conviction. After reviewing the record in light of the contentions advanced on appeal, we reverse.
Defendant was stopped while driving on August 12, 2007, in Lake Como. The facts surrounding that stop are not material to this appeal. He agreed to take a breathalyzer test, and the results showed a blood alcohol level of .13 and .14. Defendant was arrested and charged with driving while intoxicated.
Defendant, together with his attorney, appeared on November 20 in the Lake Como Municipal Court to defend against the charge. Defendant's attorney had retained *806 the services of an expert to assist him in the defense. Following argument, the municipal court judge granted the request of the municipal prosecutor for a sequestration order and directed that defendant's expert was subject to that order. The municipal court dismissed the objections of defendant's attorney that such an order would hamper his ability to cross-examine the prosecution's witnesses. The municipal court judge indicated that defense counsel, if he felt the need to consult with his expert before proceeding to cross-examination, could either take accurate notes of the testimony or order a transcript of the relevant testimony and then consult with his expert. The municipal court judge relied upon State v. Lanzel, 253 N.J.Super. 168, 601 A.2d 259 (Law Div.1991), which held that expert witnesses are as subject to sequestration as lay witnesses.
Faced with that ruling, defendant entered a conditional plea of guilty, waiving any jurisdictional defects and any question of jeopardy. Defendant agreed upon the record that if the sequestration order were reversed in the Law Division, the matter would be remanded to the municipal court for trial, and the prosecution would be free to seek to establish either a per se violation through the Breathalyzer readings or a violation based upon the arresting officer's observations of defendant. All parties agreed that the purpose of proceeding in this fashion was to permit defendant to appeal the sequestration order to the Law Division.
The Law Division judge, after argument, found that the municipal court judge had not abused his discretion in excluding defendant's expert, although he noted that he would have exercised that discretion differently. He entered an order finding defendant guilty of violating N.J.S.A. 39:4-50. Defendant now appeals to this court, arguing that it was error to order the sequestration of his expert. We are compelled to agree.
N.J.R.E. 615 provides simply that "[a]t the request of a party or on the court's own motion, the court may, in accordance with law, enter an order sequestering witnesses." Whether to order sequestration generally rests within the sound discretion of the trial court. State v. Miller, 299 N.J.Super. 387, 399, 691 A.2d 377 (App.Div.), certif. denied, 151 N.J. 464, 700 A.2d 877 (1997).
That discretion, however, must be exercised in light of the underlying policy of sequestering witnesses during a proceeding. "The reason for sequestration is to prevent prospective witnesses from hearing what the other witnesses detail in their evidence, for the less a witness hears of another's testimony the more likely is he to declare his own knowledge simply and unbiased." Ibid. (quoting State v. DiModica, 40 N.J. 404, 413, 192 A.2d 825 (1963)).
Defendant's expert, however, was not being called to testify with respect to his knowledge of the underlying facts of this incident for, quite simply, he had no knowledge of those underlying facts. Rather, he was being called to offer an expert opinion on the validity and reliability of the blood alcohol readings that were obtained through the Breathalyzer testing. We note that no question was raised with respect to the qualifications of defendant's expert; both the municipal court judge and the Law Division judge were familiar with the individual and recognized him as an expert.
To sustain a finding of driving while intoxicated, there must be proof of the "proper administration" of the test before the results can be admitted into evidence and relied upon. State v. Maure, *807 240 N.J.Super. 269, 279, 573 A.2d 186 (App.Div.1990), aff'd, 123 N.J. 457, 588 A.2d 383 (1991) (citation omitted). "This includes full proof that the equipment was in proper order, the operator qualified and the test given correctly." Ibid. (citation omitted).
In our judgment, State v. Lanzel, supra, the case upon which the municipal court judge and the Law Division judge both relied, is distinguishable from the present matter. The issue in that case arose in the context of a pre-trial hearing at which both the State and the defendant presented expert psychiatric testimony. A sequestration order had been entered, and the assistant prosecutor sought leave to have her expert remain in the courtroom while defendant's expert testified; she noted that the State had not received the updated reports from defendant's expert. 253 N.J.Super. at 169, 601 A.2d 259. Further, she argued that the testimony of her expert would not be influenced by his having heard the testimony of defendant's expert "because the proposed testimony of each expert is contradictory to the other." Ibid. The trial court rejected these arguments, concluding that to exempt the expert from sequestration "would contravene the purpose of sequestration, which is to secure the opinion uninfluenced by the evidence of another expert." Id. at 172, 601 A.2d 259.
Here, we are not confronted with a case in which each side has an expert witness, each holding opinions differing from the other. Rather, defendant seeks to present an expert who will offer an opinion on the sufficiency and reliability of the testing methods employed by the police. The most reliable way to secure that opinion would be to permit the proposed expert to hear the testimony by which the State seeks to secure the admission of those test results.
Further, we are of the view that to interpret N.J.R.E. 615 to authorize the routine sequestration of expert witnesses in a matter such as this is contrary to the terms of N.J.R.E. 703, which provides that an expert may base his opinion upon "facts or data ... perceived by or made known to the expert at or before the hearing." By its use of the preposition "at," the rule clearly envisions an expert observing trial proceedings and then commenting upon what he has heard.
The order under review is reversed, and the matter is remanded to the trial court for further proceedings.