**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3413-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BOYCE SINGLETON,

     Defendant-Appellant.

_____

        Submitted January 5, 2021 – Decided January 20, 2021

        Before Judges Fisher and Moynihan.

        On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 06-01-0104.

        Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

        Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

In 2008, defendant was convicted of the first-degree murder of his pregnant girlfriend, for which he received a fifty-year prison sentence.[1] Defendant appeals the denial of his second post-conviction relief (PCR) petition, arguing his trial counsel and his first PCR attorney were ineffective in failing to pursue the fact that the State's expert was permitted to observe defendant's expert testify at trial. We find no merit in this argument and affirm.

In his direct appeal, defendant argued, among other things, that the jury instructions on his insanity defense were insufficient. We agreed and reversed, State v. Singleton, 418 N.J. Super. 177, 180 (App. Div. 2011), but the Supreme Court disagreed and reversed our judgment, State v. Singleton, 211 N.J. 157, 187 (2011). The Supreme Court also remanded the matter to this court to decide issues not reached in our earlier decision. Those arguments included defendant's contentions that he was deprived of a fair trial because of: the absence of an

---

[1] Defendant was also convicted of second-degree possession of a weapon (a handgun) for an unlawful purpose, N.J.S.A. 2C:39-4(a), third-degree possession of a weapon (a knife) for an unlawful purpose, N.J.S.A. 2C:39-4(d), third-degree unlawful possession of a weapon (a handgun), N.J.S.A. 2C:39-5(b), third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(1), and fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1). The judge imposed a five-year prison term on the hindering conviction to run consecutively to the fifty-year term on the murder conviction. The terms imposed on the other convictions were ordered to run concurrently. See Singleton, 418 N.J. Super. at 186.

instruction on diminished capacity; repeated instances of prosecutorial misconduct; and the admission of what defendant argued were "gruesome photographs." Defendant also then argued the sentence imposed was "manifestly excessive." We rejected all these arguments and affirmed the judgment of conviction, State v. Singleton, No. A-1782-08 (App. Div. Nov. 19, 2012), and the Supreme Court denied certification, State v. Singleton, 214 N.J. 119 (2013).

Defendant filed a timely PCR petition in which he argued his trial attorney was ineffective: for failing to call a female friend to testify she had never heard defendant was abusive toward women; and for pursuing at trial a factual contention that the State's expert, Dr. Elliott Atkins, had improperly administered to defendant the Minnesota Multi-Phase Personality Inventory test. The PCR judge denied relief. In appealing, defendant argued through counsel he was "entitled to an evidentiary hearing on his claim that his trial attorney rendered ineffective assistance of counsel for failing to present a complete defense." Defendant also submitted a pro se supplemental brief in which he argued, among other things, that his trial attorney was ineffective for "failing to object to the State's expert witness [Dr.] Elliot[t] Atkins being present in the courtroom during trial, in violation of a sequestration order." We cited Rule

2:11-3(e)(2) in finding insufficient merit in all defendant's arguments to warrant discussion in a written opinion. State v. Singleton, No. A-1207-14 (App. Div. Oct. 12, 2016) (slip op. at 3). The Supreme Court denied defendant's petition for certification on February 1, 2017. State v. Singleton, 229 N.J. 4 (2017).

On February 12, 2018, defendant filed a second PCR petition, which was denied because it was untimely and because the issues raised were found to be either without merit or previously raised, decided, and affirmed in the appeal of the denial of the first PCR petition. The judge explained his reasons for denying relief in a thorough and well-reasoned written opinion.

In appealing the denial of his second PCR petition, defendant argues:

> I. DEFENDANT'S POST-CONVICTION RELIEF CLAIM IS NOT PROCEDURALLY BARRED UNDER R. 3:22-4(b)(1) AND R. 3:22-12(a)(2).
>
> II. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FROM TRIAL AND FIRST PCR COUNSEL.

In the only subheading to his second point, defendant argues that "[t]rial counsel and first PCR counsel failed to vigorously argue that [Dr. Atkins] [was]

4                                                                    A-3413-18T1

prohibited from observing defense expert's testimony." In a pro se supplemental brief, defendant argues[2]:

> III. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL ON FIRST [PCR] PETITION.
>
> IV. PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION ON SECOND PETITION FOR . . . POST-CONVICTION RELIEF BY DENYING [DEFENDANT'S] DUE PROCESS TO ARGUE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR WHICH WAS ORDERED BY THE DISTRICT COURT ON A STAY AND ABEYANCE.[3]

We find insufficient merit in all four of these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), adding only the following brief comments about Point II.

Defendant argues that both his trial counsel and his first PCR counsel were ineffective in failing to argue that Dr. Atkins should not have been permitted to observe the testimony of the defense expert. This claim of the alleged ineffectiveness of trial counsel is barred by Rules 3:22-4(b) and 3:22-12(a)(2).

---

[2] We have renumbered defendant's two pro se arguments.

[3] This refers to defendant's federal petition for a writ of habeas corpus, which was stayed pending defendant's exhaustion of any remaining state remedies. See Singleton v. Johnson, 2018 U.S. Dist. LEXIS 4140 (D.N.J. Jan. 3, 2018).

To the extent the claim of prior PCR counsel's ineffectiveness might be cognizable under these rules, we find it lacks merit because the failure of trial counsel to object to Dr. Atkins's presence in the courtroom when the defense expert testified was, in fact, raised in the appeal of the denial of the first PCR petition and found by us to be without sufficient merit to warrant discussion in a written opinion. See Singleton, No. A-1207-14 (slip op. at 3). Even if we were to assume that disposition wasn't conclusive, the second PCR petition was filed on February 12, 2018, more than one year after February 1, 2017, the day the Supreme Court denied defendant's petition for certification of our judgment affirming the denial of the first PCR petition. For that reason, the second PCR petition was time-barred. See R. 3:22-12(a)(2).

Even if we were to disregard all these reasons, we would still reject – on its merits – defendant's argument that Dr. Atkins should not have been permitted to be in the courtroom when the defense expert testified for the reasons expressed in State v. Popovich, 405 N.J. Super. 324 (App. Div. 2009). And, even though Popovich was decided after defendant's 2008 trial, its reasoning was certainly predictable because N.J.R.E. 703 provides that an expert may base an opinion on "facts or data . . . perceived by or made known to the expert at or before the hearing." See Popovich, 405 N.J. Super. at 328. In arguing to the

contrary, defendant relies only on a published trial court opinion – State v. Lanzel, 253 N.J. Super. 168, 170-71 (Law Div. 1991) – which, other than having no binding effect on the trial court or any other court,[4] concerned only the sequestration of experts at a pretrial hearing and was, thus, inapposite to the point defendant has raised.  Had the issue been raised at trial, the judge would undoubtedly have exercised his ample discretion to permit Dr. Atkins to remain in the courtroom while the defense expert testified.  Indeed, even now, many years later, defendant is unable to articulate how he was prejudiced by that event.  His argument, thus, falls short on the second prong of the Strickland/Fritz test[5] even if we were to somehow conclude that a mistake was made either at the time of trial or when counsel did not pursue this contention in prosecuting defendant's first PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] The only time Lanzel has been cited in a published opinion is when Popovich distinguished it.

[5] Strickland v. Washington, 466 U.S. 668, 694 (1984) (defining federal constitutional claims of ineffectiveness as requiring proof that counsel's performance fell below an objective standard of reasonableness, and, but for that breach, there was a reasonable probability that the result of the proceeding would have been different); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test for state constitutional claims of ineffectiveness).